CHANG & COTÉ LLP
A Limited Liability Partnership
Travis J. Tom/ SBN 198711
Jennifer F. Yang/ SBN 237082
19138 E. Walnut Dr. North Suite 100
Rowland Heights, CA 91748
(626) 854-2112

Attorneys for Plaintiff,
SHAAN HONQ INTERNATIONAL
COSMETICS CORP.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

**ED CV 09 - 01054 VAP (OPx)**

| | |
|---|---|
| SHAAN HONQ INTERNATIONAL COSMETICS CORPORATION, a Taiwan corporation;<br><br>Plaintiff,<br><br>vs.<br><br>CHING LING WANG, an individual; PAO PAO ENTERPRISE INC., a California corporation; and DOES 1 through 25, inclusive;<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR**:<br><br>1. **Trademark Infringement under 15 U.S.C. § 1114;**<br>2. **False Designation of Origin under Lanham Act § 43(a);**<br>3. **Unfair Competition under Lanham Act § 43(a);**<br>4. **Unfair Competition under Cal. Bus. & Prof. Code §§ 17200 et Seq. and Common Law;**<br>5. **Fraud and Intentional Deceit; and**<br>6. **Breach of Contract.** |

Plaintiff SHAAN HONQ INTERNATIONAL COSMETICS CORPORATION. ("Shaan Honq") complains and allege as follows:

### PARTIES

1. Plaintiff is a corporation existing under and by virtue of the laws of the Republic of China (Taiwan), with its principal place of business located at Fl.29, No. 55 Chung Cheng 3rd Road, Hsin Hsing District, Kaohsiung, Taiwan 800 R.O.C.

2. Plaintiff is informed and believes, and on such information and belief alleges, that Defendant CHING LING WANG ("Wang") is an individual residing in the city of Chino, County of San Bernardino, State of California.

3. Plaintiff is informed and believes, and on such information and belief alleges, that Defendant PAO PAO ENTERPRISES, INC. ("Pao") is a corporation existing under and by virtue of the laws of the state of California, with its principal place of business located at 15308 El Prado Road, Chino, CA 91710.

4. Plaintiff is informed and believes, and on such information and belief alleges, that the true names and capacities of defendants sued herein as Does 1 through 25, inclusive, are unknown to plaintiff, who therefore sues these defendants by such fictitious names.

5. Plaintiff will seek to amend this Complaint and include these Doe defendants' true names and capacities when they are ascertained. Plaintiff is informed and believes, and on such information and belief alleges, that one or more Doe defendants are officers, directors and/or other persons who manage, supervise and/or otherwise direct the activities of one or more defendants.

6. Plaintiff is informed and believes, and on such information and belief alleges, that each of the defendants herein (collectively "defendants"), in performing the acts or omitting to act as alleged, was acting as the representative, agent and/or employee of every other defendant, and all acts alleged herein were performed in the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-defendants, unless alleged to the contrary, or that every defendant was otherwise responsible for the acts alleged herein.

## JURISDICTION AND VENUE

7. This is a civil action for trademark infringement, false designation of origin and unfair competition arising under the Trademark Act of 1946, as amended, 15 *U.S.C.* §§ 1051-1127 and the common law; and for unfair competition under *California Business and Professions Code* §§ 17200 *et seq.*, fraud and intentional deceit, conversion, and breach

of contract under California law.  The Court has subject matter jurisdiction pursuant to 28 *U.S.C.* §§ 1338 and 1331, and the principles of supplemental jurisdiction.

8.  Venue is properly laid in this Court pursuant to 28 *U.S.C.* §§ 1391(b) and (c)

## BACKGROUND FACTS

9.  Shaan Honq is in the business of selling high-quality hair care products, including without limitation shampoos, conditioners, oils and various hair care treatments.  Since it began selling hair care products, Shaan Honq has marketed, sold, and distributed in interstate commerce (including the state of California) tens of thousands of hair care-related products.

10.  Shaan Honq has adopted as one of its trademarks the mark "Le'-Fortune Hair Care Chihtsai" (the "LE'-FORTUNE Mark").  Shaan Honq is the owner of U.S. Reg. No. 2,754,692 on the Principal Register of the United States Patent and Trademark Office for the LE'-FORTUNE Mark.  The LE'-FORTUNE mark is valid and subsisting and has not been licensed to any defendant herein.  Shaan Honq has used the LE'-FORTUNE Mark continuously since 1980 to identify its hair care-related products.

11.  Shaan Honq has expended great efforts and large sums of money in making its LE'-FORTUNE Mark well-known to wholesalers, retailers and the public.  In so doing, Shaan Honq has established a reputation for quality in connection with all of its products and services bearing and/or sold under and/or in conjunction with the LE'-FORTUNE Mark.

12.  Products marketed and/or sold under and/or in conjunction with the LE'-FORTUNE Mark have achieved widespread popularity in the marketplace.

13.  As a result of the high quality of products sold by Shaan Honq under and/or in conjunction with the LE'-FORTUNE Mark, and as a result of the extensive advertising, sale and public acceptance of those products, the public has come to view the LE'-FORTUNE Mark to identify Shaan Honq's products exclusively.  The LE'-FORTUNE

Mark symbolizes the goodwill created by the sale and distribution of high-quality products.

14. Shaan Honq retains the sole and exclusive right in the United States to use and/or control the use of the LE'-FORTUNE Mark in connection with its goods and colorable imitations thereof, in order to prevent the infringement, disparagement and/or other misappropriation of the LE'-FORTUNE Mark, along with the right to bring and maintain actions thereon.

15. Shaan Honq has also adopted as one of its trademarks the mark "N.P.P.E" (the "NPPE Mark"). Shaan Honq is the owner of U.S. Reg. No. 2,912,815 on the Principal Register of the United States Patent and Trademark Office for the NPPE Mark. The NPPE mark is valid and subsisting and has not been licensed to any defendant herein. Shaan Honq has used the NPPE Mark continuously since 1980 to identify its hair care-related products.

16. Shaan Honq has expended great efforts and large sums of money in making its NPPE Mark well-known to wholesalers, retailers and the public. In so doing, Shaan Honq has established a reputation for quality in connection with all of its products and services bearing and/or sold under and/or in conjunction with the NPPE Mark.

17. Products marketed and/or sold under and/or in conjunction with the NPPE Mark have achieved widespread popularity in the marketplace.

18. As a result of the high quality of products sold by Shaan Honq under and/or in conjunction with the NPPE Mark, and as a result of the extensive advertising, sale and public acceptance of those products, the public has come to view the NPPE Mark to identify Shaan Honq's products exclusively. The NPPE Mark symbolizes the goodwill created by the sale and distribution of high-quality products.

19. Shaan Honq retains the sole and exclusive right in the United States to use and/or control the use of the NPPE Mark in connection with its goods and colorable imitations thereof,

---

**COMPLAINT**

4

in order to prevent the infringement, disparagement and/or other misappropriation of the NPPE Mark, along with the right to bring and maintain actions thereon.

20. Shaan Honq has adopted as one of its trademarks the mark "Esuchen" (the "ESUCHEN Mark"). Shaan Honq is the owner of U.S. Reg. No. 2,739,392 on the Principal Register of the United States Patent and Trademark Office for the ESUCHEN Mark. The ESUCHEN mark is valid and subsisting and has not been licensed to any defendant herein. Shaan Honq has used the ESUCHEN Mark continuously since 1980 to identify its hair care-related products.

21. Shaan Honq has expended great efforts and large sums of money in making its ESUCHEN Mark well-known to wholesalers, retailers and the public. In so doing, Shaan Honq has established a reputation for quality in connection with all of its products and services bearing and/or sold under and/or in conjunction with the ESUCHEN Mark.

22. Products marketed and/or sold under and/or in conjunction with the ESUCHEN Mark have achieved widespread popularity in the marketplace.

23. As a result of the high quality of products sold by Shaan Honq under and/or in conjunction with the ESUCHEN Mark, and as a result of the extensive advertising, sale and public acceptance of those products, the public has come to view the ESUCHEN Mark to identify Shaan Honq's products exclusively. The ESUCHEN Mark symbolizes the goodwill created by the sale and distribution of high-quality products.

24. Shaan Honq retains the sole and exclusive right in the United States to use and/or control the use of the ESUCHEN Mark in connection with its goods and colorable imitations thereof, in order to prevent the infringement, disparagement and/or other misappropriation of the ESUCHEN Mark, along with the right to bring and maintain actions thereon.

25. Shaan Honq has adopted as one of its trademarks the mark "Esuchen Hair Care" (the "ESUCHEN HAIR CARE Mark"). Shaan Honq is the owner of U.S. Reg. No. 3,433,717 on the Principal Register of the United States Patent and Trademark Office for the

ESUCHEN HAIR CARE Mark. The ESUCHEN HAIR CARE mark is valid and subsisting and has not been licensed to any defendant herein. Shaan Honq has used the ESUCHEN HAIR CARE Mark continuously since 1980 to identify its hair care-related products.

26. Shaan Honq has expended great efforts and large sums of money in making its ESUCHEN HAIR CARE Mark well-known to wholesalers, retailers and the public. In so doing, Shaan Honq has established a reputation for quality in connection with all of its products and services bearing and/or sold under and/or in conjunction with the ESUCHEN HAIR CARE Mark.

27. Products marketed and/or sold under and/or in conjunction with the ESUCHEN HAIR CARE Mark have achieved widespread popularity in the marketplace.

28. As a result of the high quality of products sold by Shaan Honq under and/or in conjunction with the ESUCHEN HAIR CARE Mark, and as a result of the extensive advertising, sale and public acceptance of those products, the public has come to view the ESUCHEN HAIR CARE Mark to identify Shaan Honq's products exclusively. The ESUCHEN HAIR CARE Mark symbolizes the goodwill created by the sale and distribution of high-quality products.

29. Shaan Honq retains the sole and exclusive right in the United States to use and/or control the use of the ESUCHEN HAIR CARE Mark in connection with its goods and colorable imitations thereof, in order to prevent the infringement, disparagement and/or other misappropriation of the ESUCHEN HAIR CARE Mark, along with the right to bring and maintain actions thereon.

30. Defendant Wang is a former independent contractor of Shaan Honq and Shaan Honq has terminated this relationship with Wang since March 11, 2008.

31. Shaan Honq had originally requested the services of Wang in an effort to expand and distribute its products to additional consumers in the U.S. marketplace.

32. Wang formed the company Pao to perform his services for Shaan Honq.

33. On or about March 9, 2009, Shaan Honq, Wang, and Pao entered into a Settlement and Release Agreement aimed at the resolution of all outstanding disputes between the parties. A true and correct copy of the aforementioned agreement is attached hereto as Exhibit A and incorporated herein by reference.

## DEFENDANT'S UNLAWFUL ACTIVITIES

34. Notwithstanding Shaan Honq's rights in and to the LE'-FORTUNE Mark, and with notice of Shaan Honq's rights therein, Shaan Honq is informed and believes, and on such information and belief alleges, that defendants Wang, Pao and Does 1 to 25 are engaged in the manufacture, sale, distribution and/or advertising of hair care related products in packaging bearing the LE'-FORTUNE Mark in intrastate and interstate commerce.

35. Shaan Honq is informed and believes, and on such information and belief alleges, that defendants Wang, Pao and Does 1 to 25 have infringed and misappropriated the LE'-FORTUNE Mark by creating and using the LE'-FORTUNE Mark on products and/or advertising for products, created, manufactured, and/or distributed by them, or by otherwise using the LE'FORTUNE Mark in an unauthorized manner, as more fully set forth below.

36. Defendants Wang, Pao and Does 1 to 25's use of the LE'-FORTUNE Mark, when used in conjunction with hair care related products such as defendants Wang, Pao and Does 1 to 25's shampoo, is likely to lead consumers to mistakenly believe that defendants Wang, Pao and Does 1 to 25 's products are those of Shaan Honq, or to believe that defendants Wang, Pao and Does 1 to 25 's products are somehow associated with or sponsored by Shaan Honq, and/or to permit defendants Wang, Pao and Does 1 to 25 to unfairly benefit from the viable goodwill and excellent reputation established at great expense and effort throughout the United States and its territories and possessions by Shaan Honq through the use of its trade name.

37. Shaan Honq is further informed and believes, and on such information and belief alleges that, defendants Wang, Pao and Does 1 to 25's hair care related products are being

marketed in the same or similar manner as Shaan Honq's hair care related products and/or sold in the same or similar channels of trade, thus increasing the potential for confusion between Shaan Honq's hair care related products and defendants Wang, Pao and Does 1 to 25's hair care related products.

38. Shaan Honq is informed and believes, and on such information and belief alleges, that as a proximate result of the advantage accruing to defendants Wang, Pao and Does 1 to 25's business from Shaan Honq's advertising, sales and consumer recognition, and as a proximate result of confusion, deception and/or mistake caused by defendants Wang, Pao and Does 1 to 25 's wrongful promotion and sale of goods bearing the LE'-FORTUNE Mark as alleged herein, defendants Wang, Pao and Does 1 to 25 have received illicit profits and wrongful gains, and Shaan Honq has suffered damages.

39. Notwithstanding Shaan Honq's rights in and to the NPPE Mark, and with notice of Shaan Honq's rights therein, Shaan Honq is informed and believes, and on such information and belief alleges, that defendants Wang, Pao and Does 1 to 25 are engaged in the manufacture, sale, distribution and/or advertising of hair care related products in packaging bearing the NPPE Mark in intrastate and interstate commerce.

40. Shaan Honq is informed and believes, and on such information and belief alleges, that defendants Wang, Pao and Does 1 to 25 have infringed and misappropriated the NPPE Mark by creating and using the NPPE Mark on products and/or advertising for products, created, manufactured, and/or distributed by them, or by otherwise using the NPPE Mark in an unauthorized manner, as more fully set forth below.

41. Defendants Wang, Pao and Does 1 to 25's use of the NPPE Mark, when used in conjunction with hair care related products such as defendants Wang, Pao and Does 1 to 25's shampoo, is likely to lead consumers to mistakenly believe that defendants Wang, Pao and Does 1 to 25 's products are those of Shaan Honq, or to believe that defendants Wang, Pao and Does 1 to 25 's products are somehow associated with or sponsored by Shaan Honq, and/or to permit defendants Wang, Pao and Does 1 to 25 to unfairly benefit

from the viable goodwill and excellent reputation established at great expense and effort throughout the United States and its territories and possessions by Shaan Honq through the use of its trade name.

42. Shaan Honq is further informed and believes, and on such information and belief alleges that, defendants Wang, Pao and Does 1 to 25's hair care related products are being marketed in the same or similar manner as Shaan Honq's hair care related products and/or sold in the same or similar channels of trade, thus increasing the potential for confusion between Shaan Honq's hair care related products and defendants Wang, Pao and Does 1 to 25's hair care related products.

43. Shaan Honq is informed and believes, and on such information and belief alleges, that as a proximate result of the advantage accruing to defendants  Wang, Pao and Does 1 to 25 's business from Shaan Honq's advertising, sales and consumer recognition, and as a proximate result of confusion, deception and/or mistake caused by defendants  Wang, Pao and Does 1 to 25 's wrongful promotion and sale of goods bearing the NPPE Mark as alleged herein, defendants Wang, Pao and Does 1 to 25 have received illicit profits and wrongful gains, and Shaan Honq has suffered damages.

44. Notwithstanding Shaan Honq's rights in and to the ESUCHEN Mark, and with notice of Shaan Honq's rights therein, Shaan Honq is informed and believes, and on such information and belief alleges, that defendants Wang, Pao and Does 1 to 25 are engaged in the manufacture, sale, distribution and/or advertising of hair care related products in packaging bearing the ESUCHEN Mark in intrastate and interstate commerce.

45. Shaan Honq is informed and believes, and on such information and belief alleges, that defendants Wang, Pao and Does 1 to 25 have infringed and misappropriated the ESUCHEN Mark by creating and using the ESUCHEN Mark on products and/or advertising for products, created, manufactured, and/or distributed by them, or by otherwise using the ESUCHEN Mark in an unauthorized manner, as more fully set forth below.

COMPLAINT

46. Defendants Wang, Pao and Does 1 to 25's use of the ESUCHEN Mark, when used in conjunction with hair care related products such as defendants Wang, Pao and Does 1 to 25's shampoo, is likely to lead consumers to mistakenly believe that defendants Wang, Pao and Does 1 to 25 's products are those of Shaan Honq, or to believe that defendants Wang, Pao and Does 1 to 25 's products are somehow associated with or sponsored by Shaan Honq, and/or to permit defendants Wang, Pao and Does 1 to 25 to unfairly benefit from the viable goodwill and excellent reputation established at great expense and effort throughout the United States and its territories and possessions by Shaan Honq through the use of its trade name.

47. Shaan Honq is further informed and believes, and on such information and belief alleges that, defendants Wang, Pao and Does 1 to 25's hair care related products are being marketed in the same or similar manner as Shaan Honq's hair care related products and/or sold in the same or similar channels of trade, thus increasing the potential for confusion between Shaan Honq's hair care related products and defendants Wang, Pao and Does 1 to 25's hair care related products.

48. Shaan Honq is informed and believes, and on such information and belief alleges, that as a proximate result of the advantage accruing to defendants Wang, Pao and Does 1 to 25 's business from Shaan Honq's advertising, sales and consumer recognition, and as a proximate result of confusion, deception and/or mistake caused by defendants Wang, Pao and Does 1 to 25 's wrongful promotion and sale of goods bearing the ESUCHEN Mark as alleged herein, defendants Wang, Pao and Does 1 to 25 have received illicit profits and wrongful gains, and Shaan Honq has suffered damages.

49. Notwithstanding Shaan Honq's rights in and to the ESUCHEN HAIR CARE Mark, and with notice of Shaan Honq's rights therein, Shaan Honq is informed and believes, and on such information and belief alleges, that defendants Wang, Pao and Does 1 to 25 are engaged in the manufacture, sale, distribution and/or advertising of hair care related

products in packaging bearing the ESUCHEN HAIR CARE Mark in intrastate and interstate commerce.

50. Shaan Honq is informed and believes, and on such information and belief alleges, that defendants Wang, Pao and Does 1 to 25 have infringed and misappropriated the ESUCHEN HAIR CARE Mark by creating and using the ESUCHEN HAIR CARE Mark on products and/or advertising for products, created, manufactured, and/or distributed by them, or by otherwise using the ESUCHEN HAIR CARE Mark in an unauthorized manner, as more fully set forth below.

51. Defendants Wang, Pao and Does 1 to 25's use of the ESUCHEN HAIR CARE Mark, when used in conjunction with hair care related products such as defendants Wang, Pao and Does 1 to 25's shampoo, is likely to lead consumers to mistakenly believe that defendants Wang, Pao and Does 1 to 25 's products are those of Shaan Honq, or to believe that defendants Wang, Pao and Does 1 to 25 's products are somehow associated with or sponsored by Shaan Honq, and/or to permit defendants Wang, Pao and Does 1 to 25 to unfairly benefit from the viable goodwill and excellent reputation established at great expense and effort throughout the United States and its territories and possessions by Shaan Honq through the use of its trade name.

52. Shaan Honq is further informed and believes, and on such information and belief alleges that, defendants Wang, Pao and Does 1 to 25's hair care related products are being marketed in the same or similar manner as Shaan Honq's hair care related products and/or sold in the same or similar channels of trade, thus increasing the potential for confusion between Shaan Honq's hair care related products and defendants Wang, Pao and Does 1 to 25's hair care related products.

53. Shaan Honq is informed and believes, and on such information and belief alleges, that as a proximate result of the advantage accruing to defendants Wang, Pao and Does 1 to 25's business from Shaan Honq's advertising, sales and consumer recognition, and as a proximate result of confusion, deception and/or mistake caused by defendants Wang,

Pao and Does 1 to 25 's wrongful promotion and sale of goods bearing the ESUCHEN HAIR CARE Mark as alleged herein, defendants Wang, Pao and Does 1 to 25 have received illicit profits and wrongful gains, and Shaan Honq has suffered damages.

54. Plaintiff is informed and believes, and on such information and belief alleges, that on and after March 18, 2008 when Wang's independent contractor status with Shaan Honq terminated, Wang continued to use Shaan Honq's trademarks, service marks and trade names on websites as well as Shaan Honq's corporate name for Wang's sole benefit.

55. Plaintiff is informed and believes, and on such information and belief alleges, that Wang used pictures bearing Shaan Honq's products for consumers to purchase and thereafter, upon information and belief, shipped products differing from the advertised products bearing similar packaging, design, and trademarks of Shaan Honq's products.

56. Plaintiff is informed and believes, and on such information and belief alleges, that Wang owes Shaan Honq in the amount of $969,499.54 which was monies from the sale of Shaan Honq's products during the period when Wang was an independent contractor of Shaan Honq.

57. Plaintiff is informed and believe, and on such information and belief allege, beginning on or about March 18, 2008 and continuing thereafter, Wang and Pao continued to hold himself out as a representative of Shaan Honq and entered into contracts with various customers for the sale of Shaan Honq's products.

58. As a result of the numerous disputes, Plaintiff, Wang and Pao entered into a Settlement and Release Agreement to resolve said disputes.  However, Wang and Pao have not fulfilled their obligations under said agreement as set forth below.

///
///
///
///
///

# FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT

### (15 *U.S.C.* § 1114)

### (Against All Defendants)

59. Plaintiffs repeat and reallege the allegations in paragraphs 1-59 as though fully set forth herein.

60. The aforesaid acts of defendants Wang, Pao, and Does 1 to 25 constitute infringement of Shaan Honq's registered LE'-FORTUNE Mark, NPPE Mark, ESUCHEN Mark, and ESUCHEN HAIR CARE Mark  in violation of section 32(1) of the Trademark Act of 1946, as amended, 15 *U.S.C.* § 1114(1).

61. By reason of the acts of defendants Wang, Pao, and Does 1 to 25 alleged herein, Shaan Honq has suffered, is suffering, and will continue to suffer irreparable damage and, unless defendants Wang, Pao, and Does 1 to 25 are restrained from continuing their wrongful acts, the damage to Shaan Honq will increase.  Shaan Honq has no adequate remedy at law.

62. As a result of the foregoing infringement, Shaan Honq has been injured, and defendants Wang, Pao, and Does 1 to 25 have received illicit profits and wrongful gains.

# SECOND CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN UNDER LANHAM ACT § 43(A)

### (15 *U.S.C.* § 1125(a))

### (Against All Defendants)

63. Plaintiffs repeat and reallege the allegations in paragraphs 1-63 as though fully set forth herein.

64. With knowledge of Shaan Honq's rights in the LE'-FORTUNE Mark, NPPE Mark, ESUCHEN Mark, and ESUCHEN HAIR CARE Mark, defendants Wang, Pao, and Does 1 to 25 continue to make use of the LE'-FORTUNE Mark, NPPE Mark, ESUCHEN

Mark, and ESUCHEN HAIR CARE Mark in order to capitalize on the good name, notoriety, reputation and goodwill of Shaan Honq in the LE'-FORTUNE Mark, NPPE Mark, ESUCHEN Mark, and ESUCHEN HAIR CARE Mark.

65. Defendants Wang, Pao, and Does 1 to 25's acts as alleged above constitute a false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendants Wang, Pao, and Does 1 to 25 with Shaan Honq, or as to the origin, sponsorship, or approval of defendants Wang, Pao, and Does 1 to 25's goods, services, and activities by Shaan Honq, in violation of the Lanham Act, 15 *U.S.C.* § 1125(a)(1)(A).

66. Defendants Wang, Pao, and Does 1 to 25's acts as alleged above misrepresent the nature, characteristics, qualities, or geographic origin of defendants Wang, Pao, and Does 1 to 25's goods, services, activities or information in violation of the Lanham Act, 15 *U.S.C.* § 1125(a)(1)(B).

67. Defendants Wang, Pao, and Does 1 to 25's conduct has caused, and if not enjoined, will continue to cause, irreparable damage to Shaan Honq's trademark rights, good name, reputation and goodwill in a manner that cannot be calculated or compensated in money damages.  Shaan Honq has no adequate remedy at law.

68. As a result of the foregoing, Shaan Honq has been injured, and defendants Wang, Pao, and Does 1 to 25 have received illicit profits and wrongful gains.

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION UNDER LANHAM ACT § 43(A)

### (15 *U.S.C.* § 1125(a))

### (Against All Defendants)

69. Plaintiffs repeat and reallege the allegations in paragraphs 1-69 as though fully set forth herein.

70. With full knowledge of Shaan Honq's rights in the LE'-FORTUNE Mark, NPPE Mark, ESUCHEN Mark, and ESUCHEN HAIR CARE Mark, defendants Wang, Pao, and Does 1 to 25 continue to make unlawful use of a colorable imitation of the LE'-FORTUNE Mark, NPPE Mark, ESUCHEN Mark, and ESUCHEN HAIR CARE Mark.

71. Defendants Wang, Pao, and Does 1 to 25 's acts as alleged constitute unfair competition in violation of the Lanham Act, 15 *U.S.C.* § 1125(a)(1)(A).

72. Defendants Wang, Pao, and Does 1 to 25 's conduct has caused, and if nor enjoined, will continue to cause, irreparable damage to Shaan Honq's trademark rights, good name, reputation and goodwill in a manner that cannot be calculated or compensated in money damages. Shaan Honq has no adequate remedy at law.

73. As a result of the foregoing, Shaan Honq has been injured, and defendants Wang, Pao, and Does 1 to 25 have received illicit profits and wrongful gains.

## FOURTH CAUSE OF ACTION

## <u>UNFAIR COMPETITION</u>

**(California Business & Professions Code §§ 17200 *et seq.* and Common Law)**

**(Against All Defendants)**

74. Plaintiffs repeat and reallege the allegations in paragraphs 1-74 as though fully set forth herein.

75. Defendants Wang, Pao, and Does 1 to 25 , by virtue of their acts as alleged above, have willfully, knowingly and intentionally engaged in acts of unfair competition under *California Business & Professions Code* §§ 17200 *et seq.* and the common law of the State of California.

76. Defendants Wang, Pao, and Does 1 to 25 's conduct has caused, and if not enjoined, will continue to cause, irreparable damage to Shaan Honq's trademark rights, good name, reputation and goodwill in a manner that cannot be calculated or compensated in money damages. Shaan Honq has no adequate remedy at law.

77. As a result of the foregoing, Shaan Honq has been injured, and defendants Wang, Pao, and Does 1 to 25 have received illicit profits and wrongful gains.

## FIFTH CAUSE OF ACTION
## FRAUD AND INTENTIONAL DECEIT
### (California Civil Code §§ 1709 and Common Law)
### (Against All Defendants)

78. Plaintiffs repeat and reallege the allegations in paragraphs 1-78 as though fully set forth herein.

79. Defendants Wang, Pao, and Does 1 to 25 , by virtue of his acts as alleged above, have willfully, knowingly and intentionally engaged in acts of fraud under *California Civil Code* §§ 1709 and the common law of the State of California.

80. From or about March 18, 2008 to the present, Defendant Wang, Pao, and Does 1 to 25 made affirmative misrepresentations to customers of Shaan Honq stating that Wang continued to be a representative of Shaan Honq even when Wang and Shaan Honq's relationship ceased.

81. These misrepresentations were of material fact in that consumers would not have purchased Shaan Honq's goods from Wang had said misrepresentations not been made.

82. Defendant Wang, Pao, and Does 1 to 25 made these misrepresentations with a knowledge of falsity or with knowledge of the concealment of a material fact.

83. Defendant Wang, Pao, and Does 1 to 25 intended that consumers would rely upon said misrepresentations and continue to purchase products from Wang.

84. Based upon the consumer's reliance on the misrepresentations of Defendant Wang, Pao, and Does 1 to 25, damages were caused to Shaan Honq.   Plaintiff has been damaged in a sum to be proven at trial.

///
///

## SIXTH CAUSE OF ACTION

## BREACH OF CONTRACT

### (Common Law)

### (Against All Defendants)

85. Plaintiffs repeat and reallege the allegations in paragraphs 1-85 as though fully set forth herein.

86. Plaintiffs are informed and believe, and on that basis allege, that in March of 2009, Shaan Honq, Wang and Pao entered into a contract to resolve all outstanding legal disputes between the parties, and defendants Wang and Pao agreed to cease and desist the use of Shaan Honq's trademarks, products and arrange payments to resolve the debt of $969,499.54 owed to Shaan Honq.

87. Defendants Wang and Pao materially and substantially breached and deviated from the applicable contract by failing to perform the conditions of said agreement.  In particular, defendants Wang and Pao continued to use Shaan Honq's trademarks to sell products.

88. Plaintiff Shaan Honq has performed all conditions, covenants, and promises required by the contract in accordance with their terms and conditions, or otherwise are excused from such conditions, covenants, and promises.

89. As a direct and proximate result of the material breach of, and deviation from, the applicable contract plaintiff Shaan Honq has been damaged in an amount to be proven at trial.

WHEREFORE, Shaan Honq prays for judgment jointly and severally against defendants, and each of them, as follows:

### INJUNCTIVE RELIEF:

1. Defendants Wang, Pao, and Does 1 to 25, their officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies and all

persons acting for, with, by, through or under them, and each of them, be preliminary and thereafter permanently enjoined and restrained from:

    a.  Using in any manner the LE'-FORTUNE Mark, NPPE Mark, ESUCHEN Mark, ESUCHEN HAIR CARE Mark or any packaging likely to cause confusion therewith, including without limitation the LE'-FORTUNE Mark, NPPE Mark, ESUCHEN Mark, and ESUCHEN HAIR CARE Mark in any form, in connection with the sale, manufacturing, distribution, advertising or promotion of their products as long as such goods or services do not emanate from, originate with or are licensed by Shaan Honq; or

    b.  Disseminating, using or distributing any products with the LE'-FORTUNE Mark, NPPE Mark, ESUCHEN Mark, and ESUCHEN HAIR CARE Mark in any form or any marks whose appearance so resembles the LE'-FORTUNE Mark, NPPE Mark, ESUCHEN Mark, and ESUCHEN HAIR CARE Mark so as to create a likelihood of confusion, mistake or deception including without limitation; or

    c.  Using any false designation of origin or false description that can, or is likely to, lead the trade or public, or individual members thereof, to believe that any product manufactured, distributed, or sold by defendants is in any manner associated or connected with Shaan Honq, or is sold, manufactured, licensed, sponsored, or approved or authorized by Shaan Honq; and

    d.  From otherwise engaging in any other activity constituting an infringement of Shaan Honq's trademarks, or otherwise unfairly competing with Shaan Honq.

2.  Defendants Wang, Pao, and Does 1 to 25 be required to deliver up to Shaan Honq to be held for destruction at the conclusion of this action all the

products bearing the LE'-FORTUNE Mark, NPPE Mark, ESUCHEN Mark, ESUCHEN HAIR CARE Mark or any other colorable imitation of the LE'-FORTUNE Mark, NPPE Mark, ESUCHEN Mark, ESUCHEN HAIR CARE Mark or any copy, simulation, variation or colorable imitations thereof, and any documents or tangible things that discuss, describe, mention or relate to such products.

3. Defendants Wang, Pao and Does 1 to 25 file with the Court and serve upon Shaan Honq's counsel within thirty (30) days after entry of Judgment a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the requirements of the Injunction and Order.

### DAMAGES:

4. Defendants Wang, Pao, and Does 1 to 25 be required to account for and pay over to Shaan Honq all damages sustained by Shaan Honq and any and all profits realized by defendants by reason of their unlawful acts alleged herein, and that such amounts be trebled, as provided by law.

5. Defendants be required to pay to Shaan Honq all of their costs, disbursements and attorneys' fees in this action.

6. For actual damages in an amount according to proof.

7. Compensatory damages in an amount according to proof at trial.

8. Consequential damages in an amount according to proof at trial.

9. Punitive or exemplary damages.

### OTHER RELIEF

10. Plaintiff has such other and further relief as the court may deem appropriate to prevent the infringement, disparagement or tarnishment of Shaan Honq's LE'-FORTUNE Mark, NPPE Mark, ESUCHEN Mark, ESUCHEN HAIR CARE Mark, and to prevent the unfair competition that defendants have engaged in from recurring.

11. For prejudgment interest.

12. Plaintiff has such other and further relief as the Court deems proper.

DATED: 6/1/2009

CHANG & COTÉ, LLP

By: _____

JENNIFER F. XIANG

Attorneys for Plaintiff
SHAAN HONQ INTERNATIONAL
COSMETICS CORPORATION.

**COMPLAINT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV09- 1054 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [X] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CHANG & COTÉ LLP
Travis J. Tom/ SBN 198711
Jennifer F. Yang/ SBN 237082
19138 E. Walnut Dr. North Suite 100
Rowland Heights, CA 91748

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SHAAN HONQ INTERNATIONAL COSMETICS
CORPORATION, a Taiwan Corporation;

PLAINTIFF(S)

v.

CHING LING WANG, an individual; PAO PAO
ENTERPRISE INC., a California Corporation; and
DOES 1 through 10, inclusive

DEFENDANT(S).

CASE NUMBER

ED CV 09 - 01054 VAP

(OPx)

**SUMMONS**

TO:    DEFENDANT(S):  <u>CHING LING WANG, an individual and P</u>AO PAO ENTERPRISE INC., a
        California Corporation
        A lawsuit has been filed against you.

        Within  __20__  days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney,  <u>Jennifer F. Yang</u> _____, whose address is
 <u>Chang & Cote, LLP, 19138 E. Walnut Drive North #100, Rowland Heights, CA 91748</u> .  If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

                                                **TERRY NAFISI**

                                                Clerk, U.S. District Court

Dated: _____              By: _____
         JUN - 3 2009                            Deputy Clerk

                                                *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

CV-01A (12/07)                         **SUMMONS**

ORIGINAL

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>SHAAN HONQ INTERNATIONAL COSMETICS CORPORATION, a Taiwan Corporation | **DEFENDANTS**<br>CHING LING WANG, an individual; PAO PAO ENTERPRISE INC., a California Corporation; and DOES 1 through 25, inclusive |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>CHANG & COTÉ LLP, 19318 E. Walnut Dr. North Suite 100<br>Rowland Heights, CA 91748, (626) 854-2112 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** $969,499.54

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement under 15 U.S.C. § 1114

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

ED CV 09 - 01054

**FOR OFFICE USE ONLY:** Case Number: _____   VAP  (OPx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

JUN - 3 2009

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                           ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                           ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                           ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Shaan Honq International Cosmetics Corporation, a Taiwan Corporation: Taiwan R.O.C. |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| CHING LING WANG, an individual: San Bernardino<br>PAO PAO ENTERPRISE INC., a California corporation: San Bernardino | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 6/1/2009

    **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |