CHING LING WANG
4885 Glenview Street
Chino Hill, CA 91709
Telephone: (909) 331-5668
Facsimile: (909) 923-5020

Attorney for Defendant
CHING LING WANG, in pro se

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAAN HONG INTERNATIONAL COSMETICS CORPORATION, a Taiwan corporation<br><br>Plaintiff,<br><br>v.<br><br>CHING LING WANG, an individual; PAO PAO ENTERPRISE INC., A California corporation; and DOES 1 through 25, inclusive,<br><br>Defendant. | Case No. ED CV09-01054VAP(Opx)<br><br>**ANSWER TO COMPLAINT BY DEFENDANT CHING LING WANG** |

COMES NOW, defendant CHING LING WANG, and answering the Complaint of Plaintiff, SHAAN HONG INTERNATONAL COSMETIC CORPORATION, a Taiwan corporation, on file herein, states as follows:

**PARTIES**

1. Defendant lacks sufficient information or belief to admit or deny the allegations contained in paragraph 1 of the Complaint and based thereon denies said allegations.

2. Responding to paragraph 2, Defendant admits the allegations therein contained.

3. Defendant lacks sufficient information or belief to admit or deny the allegations contained in paragraphs 3 - 6 of the Complaint and based thereon denies said allegations.

ANSWER TO COMPLAINT BY DEFENDANT
CHING LING WANG                                - 1 -

## JURISDICTION AND VENUE

4. Defendant lacks sufficient information or belief to admit or deny the allegations contained in paragraphs 7 - 8 of the Complaint and based thereon denies said allegations.

## BACKGROUND FACTS

5. Defendant lacks sufficient information or belief to admit or deny the allegations contained in paragraphs 9 - 29 of the Complaint and based thereon denies said allegations.

6. Defendant denies each and every, all and singular the allegations contained in paragraph 30 of the Complaint.

7. Defendant admits that Plaintiff had made an original request to Defendant to market and sell Plaintiff's products in the United States but denies the remaining allegation contained in paragraph 31 of the Complains.

8. Defendant admits to cause the incorporation of PAO PAO ENTERPRISE INC. in the State of California for the sole purpose of marketing and sale of Plaintiff's products but denies the remaining allegations contained in paragraph 32 of the Complain.

9. Defendant admits of signing the documents that was attached to the Complaint as Exhibit A, but denies the remaining allegations contained in paragraph 33 of the Complaint. Defendant asserts that the alleged document was signed by Defendant under economic duress and shall be voidable.

## ALLEDGED DEFENDANT'S UNLAWFUL ACTIVITIES

10. Defendant denies each and every, all and singular the allegations contained in paragraphs 34 - 35 of the Complaint.

11. Defendant lacks sufficient information or belief to admit or deny the allegations contained in paragraph 36 of the Complaint and based thereon denies said allegations.

12. Defendant denies each and every, all and singular the allegations contained in paragraphs 37 - 38 of the Complaint.

13. Defendant denies each and every, all and singular the allegations contained in paragraphs 39 - 40 of the Complaint.

14. Defendant lacks sufficient information or belief to admit or deny the allegations contained in paragraph 41 of the Complaint and based thereon denies said allegations.

15. Defendant denies each and every, all and singular the allegations contained in paragraphs 42 - 43 of the Complaint.

16. Defendant denies each and every, all and singular the allegations contained in paragraph s 44 - 45 of the Complaint.

17. Defendant lacks sufficient information or belief to admit or deny the allegations contained in paragraph 46 of the Complaint and based thereon denies said allegations.

18. Defendant denies each and every, all and singular the allegations contained in paragraphs 47 - 48 of the Complaint.

19. Defendant denies each and every, all and singular the allegations contained in paragraph s 49 - 50 of the Complaint.

20. Defendant lacks sufficient information or belief to admit or deny the allegations contained in paragraph 51 of the Complaint and based thereon denies said allegations.

21. Defendant denies each and every, all and singular the allegations contained in paragraphs 52 - 58 of the Complaint.

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGMENT

22. Responding to paragraph 59 of the Complaint, Defendant repeats, realleges, and incorporates herein by this reference, all of the allegations set forth in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. Defendant denies each and every, all and singular, the allegations set forth in paragraphs 60 – 62, inclusive, of the Complaint and specifically denies of infringement of Shaan Hong's registered marks.

## SECOND CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN UNDER LANHAM ACT §43(A)

24. Responding to paragraph 63 of the Complaint, Defendant repeats, realleges, and incorporates herein by this reference, all of the allegations set forth in paragraphs 1 through 23,

inclusive, as though fully set forth herein.

25. Defendant denies each and every, all and singular, the allegations set forth in paragraphs 64 – 68, inclusive, of the Complaint.

### THIRD CAUSE OF ACTION

### UNFAIR COMPETITION UNDER LANHAM ACT §43(A)

26. Responding to paragraph 69 of the Complaint, Defendant repeats, realleges, and incorporates herein by this reference, all of the allegations set forth in paragraphs 1 through 68, inclusive, as though fully set forth herein.

27. Defendant denies each and every, all and singular, the allegations set forth in paragraphs 70 – 73, inclusive, of the Complaint.

### FOURTH CAUSE OF ACTION

### UNFAIR COMPETITION

28. Responding to paragraph 74 of the Complaint, Defendant repeats, realleges, and incorporates herein by this reference, all of the allegations set forth in paragraphs 1 through 73, inclusive, as though fully set forth herein.

29. Defendant denies each and every, all and singular, the allegations set forth in paragraphs 75 – 77, inclusive, of the Complaint.

### FIFTH CAUSE OF ACTION

### FRAUD AND INTENTIONAL DECEIT

30. Responding to paragraph 78 of the Complaint, Defendant repeats, realleges, and incorporates herein by this reference, all of the allegations set forth in paragraphs 1 through 77, inclusive, as though fully set forth herein.

31. Defendant denies each and every, all and singular, the allegations set forth in paragraphs 79 – 84, inclusive, of the Complaint.

### SIXTH CAUSE OF ACTION

### BREACH OF CONTRACT

32. Responding to paragraph 85 of the Complaint, Defendant repeats, realleges, and incorporates herein by this reference, all of the allegations set forth in paragraphs 1 through 84,

inclusive, as though fully set forth herein.

33. Defendant denies each and every, all and singular, the allegations set forth in paragraphs 85 – 89, inclusive, of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

34. As and for a First Affirmative Defense, this answering Defendant alleges that the Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

35. As and for a Second Affirmative Defense, this answering defendant alleges that damages, if any, alleged by plaintiffs were due sole and totally to the acts and omissions of third parties / entities over which this defendant had no control or responsibility.

### THIRD AFFIRMATIVE DEFENSE

36. As and for a Third Affirmative Defense, this answering defendant alleges that the plaintiffs knew and acquiesced in defendant's actions which proximately caused and contributed to plaintiff's alleged injuries and by reason thereof, plaintiff assumed the risk of injury and its recovery is barred herein.

### FOURTH AFFIRMATIVE DEFENSE

37. As and for a Fourth Affirmative Defense, this answering defendant alleges that plaintiffs failed to mitigate their damages arising from the acts complained of, and the recovery to which plaintiffs may be entitled should, therefore, be reduced.

### SIXTH AFFIRMATIVE DEFENSE

38. As and for a Sixth Affirmative Defense, this answering defendant alleges based on the information and belief that during the time alleged in Complaint Plaintiffs agreed to have PAO PAO ENTERPRISE INC as its distributor to market, advertise and sell Plaintiff's products in the United States and had never objected to the business operation of PAO PAO ENTERPRISE INC. Thus Plaintiff is now estopped from complaining and/or have waived their right to claim that defendant caused the loss.

### SEVENTH AFFIRMATIVE DEFENSE

39. As and for a Seventh Affirmative Defense, this answering defendant alleges that the alleged agreement executed by Defendant was the result of economic duress. Plaintiffs threatened to immediately sever business relations with PAO PAO ENTERPREISE INC. and refuse to supply all the good and thereby rendering PAO PAO ENTERPRISE INC. liable for breach of contract to numerous entities and individuals who had placed orders with PAO PAO ENTERPRISE INC. Any alleged agreement is, therefore, voidable.

### EIGHTH AFFIRMATIVE DEFENSE

40. As and for a Eighth Affirmative Defense, this answering defendant alleges that it is not liable for breach of a contract and any alleged agreement is no longer binding, based upon the occurrence of a condition subsequent, namely the cessation of a business relationship between Plaintiffs and Defendant PAO PAO ENTERPRISE INC. A condition subsequent is one referring to a future event, upon the happening of which the obligation becomes no longer binding upon the other party, if he chooses to avail himself of the condition (Civil Code section 1438). The intention and understanding of the parties was that Plaintiff would continue it business relationship with PAO PAO ENTERPRISE INC. under a new distributorship agreement. Since there is no longer a business relationship between the parties, the alleged agreement is voidable.

### NINTH AFFIRMATIVE DEFENSE

41. As and for a Ninth Affirmative Defense, this answering defendant alleges that performance of its obligation was excused as legally impossible if performance was impracticable.

### TENTH AFFIRMATIVE DEFENSE

42. As and for a Tenth Affirmative Defense, this answering defendant alleges that performance on his part was excused, since the risk of the frustrating event was reasonably foreseeable by the plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

43. As and for a Eleventh Affirmative Defense, this answering Defendant alleges that in connection with the matters sued upon in the Complaint, the Plaintiffs are estopped from asserting any of the alleged causes of action.

### TWELFTH AFFIRMATIVE DEFENSE

44. As and for a Twelfth Affirmative Defense, this answering Defendant alleges that he is informed and believes that Plaintiff, during the course of their activities described in the Complaint, and by acts, errors or omissions on its own part, waived any right to claim damage or injury allegedly suffered by virtue of any acts or omissions of this answering Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

45. As and for a Thirteenth Affirmative Defense, this answering Defendant alleges that Plaintiff at all times, consented to and/or ratified and/or acquiesced in and/or accepted the transactions, of which he is now complaining.

### FOURTEENTH AFFIRMATIVE DEFENSE

46. As and for a Fourteenth Affirmative Defense, this answering Defendant alleges that the Plaintiffs knew all of the facts concerning the alleged transaction and assumed the risk of losses, if any there would be.

### FIFTEENTH AFFIRMATIVE DEFENSE

47. As and for a Fifteenth Affirmative Defense, this answering Defendant alleges that there was a failure of consideration and/or a lack of consideration for any alleged agreement and/or any alleged agreement was the result of mistake. Based thereon, any alleged agreement is voidable.

### SIXTEENTH AFFIRMATIVE DEFENSE

48. As and for a Sixteenth Affirmative Defense, this answering Defendant alleges that Plaintiff is barred by the statute of limitations and/or are guilty of laches by reason of their failure to assert their claims in a timely fashion.

### SEVENTEENTH AFFIRMATIVE DEFENSE

49. As and for a Seventieth Affirmative Defense, all of the acts of this answering defendant were justified and/or privileged.

### EIGHTEENTH AFFIRMATIVE DEFENSE

50. As and for a Eighteenth Affirmative Defense, this answering Defendant alleges that no contract exists because there was no mutuality of obligation.

### NINETEENTH AFFIRMATIVE DEFENSE

51. As and for a Nineteenth Affirmative Defense, this answering Defendant alleges that

Plaintiff voluntarily incurred the costs and expenses of defense, and the alleged agreement did Not expressly provide for recovery of these costs and expenses.

### TWENTIETH AFFIRMATIVE DEFENSE

52. As and for a Twentieth Affirmative Defense, this answering Defendant alleges that Plaintiff cannot recover beyond the terms of the agreement, which they are attempting to do.

### TWENT-FIRST AFFIRMATIVE DEFENSE

53. As and for a Twenty-First Affirmative Defense, this answering Defendant alleges that this answering defendant is thereby entitled to equitable set-off against liability, if any, that this answering Defendant is found to have to Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

54. As and for a Twenty-Second Affirmative Defense, this answering Defendant alleges that Plaintiff is partially and/or wholly barred from recovery herein in this action, since it comes into this court with unclean hands.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

55. As and for a Twenty-Third Affirmative Defense, this answering Defendant alleges that substantial sums of money have been paid and/or caused to be paid to the Plaintiff. Defendant is entitled to an off-set for all sums that have been paid to the Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

56. As and for a Twenty-Fourth Affirmative Defense, this answering Defendant alleges that third-parties have breached their contract with this answering Defendant, and this answering Defendant is thereby entitled to an apportionment of liability, if any, that this answering Defendant is found to have to Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

57. As and for a Twenty-Fifth Affirmative Defense, this answering Defendant alleges that Plaintiff' losses were the proximate result of acts and wrongdoing by third-parties and not by this answering Defendant. Damages should be apportioned according to each party's respective fault.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

58. As and for a Twenty-Sixth Affirmative Defense, this answering Defendant alleges that there was no meeting of the minds in relation to any alleged agreement, and any alleged agreement was conditioned upon a continuing business relationship between Plaintiff and PAO PAO ENTERPRISE INC. Based thereon, any alleged agreement is voidable.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

59. As and for a Twenty-Seventh Affirmative Defense, this answering Defendant alleges that Plaintiff Complaint is framed in conclusory terms. Based thereon, at this time, Defendant is unable to fully anticipate and set forth all potentially applicable affirmative defenses. Accordingly, Defendant reserves the right to assert additional affirmative defenses when the same are ascertained.

WHEREFORE, Defendant prays for judgment against Plaintiff on each and every claim for relief as follows:

1. That no injunctive relief be granted against defendant;
2. That plaintiff takes nothing by his action;
3. That defendant has judgment for costs and expenses of suit incurred herein; and
4. That defendant is entitled to an off-set for all sums of money paid to the plaintiff and a judgment apportioning liability, if any, between the answering Defendant and others named defendants in the complaint.
5. That the Court awards such further and other relief as it deems just and proper.

DATED: JULY 6, 2009

CHING LING WANG
Attorney for Defendant
CHING LING WANG IN PRO SE

ANSWER TO COMPLAINT BY DEFENDANT
CHING LING WANG

1 | PROOF OF SERVICE BY MAIL - 1013A, 2015.5 C.C.P.

2 | STATE OF CALIFORNIA     )
3 | COUNTY OF LOS ANGELES   )

4 |     I am a resident in the aforesaid county, State of California. I am over the age of eighteen (18) years and my address is 4885 Glenview Street, Chino Hills, California 91709.

    On July    , 2009, I served the foregoing ANSWER TO COMPLAINT BY DEFENDANT CHING LING WANG on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope on this date at City of Industry, California and placed for collection and mailing on this date following ordinary business practices addressed as follows:

Travis J. Tom, Esq.
Jennifer F. Yang, Esq.
CHANG & COTÉ LLP
19138 E. Walnut Drive North, Suite 100
Rowland Heights, California 91748

[X] (BY MAIL)  I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at City of Industry, California.
Executed on         , 2009, at Chino Hills, California.

[ ] (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices of the addressee.
Executed on         , 2009, at Chino Hills, California.

[ ] (BY FAX TRANSMISSION) I caused copies of the attached document(s) to be served via facsimile transmission to the offices of the addressee(s) at the fax number(s) noted above.
Executed on         , 2009, at Chino Hills, California.

    I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: July 6, 2009     By _____
                                         CHING LING WANG