## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter "Agreement") is made on this 9th day of September, 2009 ("Effective Date"), by and between Shaan Honq International Cosmetics Corp. ("Shaan Honq"), a Taiwan corporation with an address at 29 Fl, No. 55 Chung Cheng 3rd Rd, Hsinshing District Kaohsiung 800 Taiwan, R.O.C. on the one hand, and Ching Ling Wang, an individual ("Wang") and Pao Pao Enterprise Inc., a California corporation with an address at 15308 El Prado Road, Chino, CA 91710, ("Pao Pao") on the other hand. Hereinafter, Shaan Honq, Wang and Pao Pao may also be individually referred to as "Party" and collectively referred to as "Parties".

### RECITALS

WHEREAS, Shaan Honq is in the business of manufacturing, selling and distributing hair care related products ("SH Products");

WHEREAS, Shaan Honq uses distinctive packaging and color designs on or in connection with its SH Products that are registered U.S. Trademarks;

WHEREAS, Shaan Honq alleges that Wang and Pao Pao has sold or offered for sale products that simulate the appearance of SH Products and its associated trademarks ("Infringing SH Products");

WHEREAS, Shaan Honq filed on June 3, 2009 a lawsuit against Wang, Pao Pao and others in the United States District Court, Central District of California, captioned as *Shaan Honq International Cosmetics Corporation v. Ching Ling Wang and Pao Pao Enterprise, Inc. et al.*, Case No. ED CV 09-01054 VAP (OPx) alleging trademark infringement, false designation of origin, unfair competition, fraud and intentional deceit, breach of contract and related state claims ("the Action");

WHEREAS, the Parties have examined all facts relating to the Action and, now agree to resolve the Action upon the following terms of settlement.

NOW, THEREFORE, in consideration of the foregoing recitals and mutual promises and covenants herein contained, the Parties agree as follows:

### TERMS AND CONDITIONS

1. **Settlement Terms.** Wang and Pao Pao agree to not manufacture, import, distribute or ship, advertise or offer for sale Infringing SH Products or other variations thereof which infringe the SH Products or any of Shaan Honq's registered U.S. trademarks worldwide. Wang and Pao Pao further represent and warrant as follows:
    (a) Wang and Pao Pao represent and warrant that they have sold or shipped approximately USD$ 60,000 value of Infringing SH Products. Wang and Pao Pao have not received any orders for the Infringing SH Products which have not been fulfilled; and
    (b) Wang and Pao Pao represent and warrant that the customers to whom they have sold the Infringing SH Products and any SH Products are shown in *Exhibit A*, attached and made apart hereof; and
    (c) Wang and Pao Pao represent and warrant that they will shipped and returned all remaining inventory of the Infringing SH Products and any remaining SH Products to Shaan Honq within fifteen (15) days from the Effective Date of this Agreement and that Wang and Pao Pao have no other inventory or advertising materials for the Infringing SH Products and SH Products;
    (d) Wang and Pao Pao represent and warrant that they shall be responsible and assume any and all costs associated with the retrieval and disposal of the Infringing SH Products and/or SH Products; and

1

Wang CLW. Pao Pao CLW. Shaan Honq _____

  (e) Wang and Pao Pao represent and warrant that they shall modify the packaging of their hair care related products within three (3) months from the Effective Date of this Agreement, subject to Shaan Honq's approval, so as not to simulate the appearance of SH Products and Shaan Honq's registered U.S. Trademarks.

  (f) Wang and Pao Pao further represent and warrant that they owe an outstanding balance to Shaan Honq in the amount of USD$969,499.54 plus interest at the maximum rate permitted by law ("Debt") and agree to establish a payment plan to commence on January 1, 2010 to pay Shaan Honq.

2. **Consent Judgment and Permanent Injunction.** Concurrently with the execution of this Agreement, the Parties will execute the Consent Judgment and Permanent Injunction attached hereto and made apart hereof. Within five (5) business days of execution of this Agreement, Shaan Honq will file the Consent Judgment and Permanent Injunction with the United States District Court for the Central District of California, with each side bearing its own fees and costs.

3. **Liquidated Damages.** Wang and Pao Pao agree and acknowledge that any breach of this Agreement shall cause the Shaan Honq irreparable injury and as a result, each Wang and Pao Pao understand that should either breach this Agreement by continuing the sell and/or offer for sale the Infringing SH Products and/or any SH Products, Wang and Pao Pao will owe Shaan Honq in liquidated damages the amount of $500,000.00 for each customer Wang and Pao Pao sold to.

## GENERAL PROVISIONS

4. **Reasonable Cooperation.** Each Party hereto shall execute and deliver any and all documents and perform any and all acts and things necessary, appropriate, convenient, or helpful to effectuate or further evidence the terms of this Agreement.

5. **Headings.** The section headings are intended for convenience only and shall not be deemed to supersede or modify any provisions of this Agreement.

6. **Independent Advice and Counsel.** Each Party hereto executes this Agreement acting upon his, her, or its independent judgment and upon the advice of his, her, or its counsel, without any representation, express, or implied, or any nature, from each to the other, except as only specifically set forth herein. This Agreement and each of its provisions have been jointly drafted by the Parties; neither Party shall be deemed to have been the drafting Party. Each Party hereto hereby acknowledges, represents and warrants that he/she/it has, in connection with the negotiation, review and execution of this Agreement, been represented and advised by qualified and competent legal counsel. To the extent there is any waiver of any privilege being effected or implemented by any of the provisions of this Agreement, the Party affected by such waiver hereby acknowledges that he, she or it has sought and obtained the advice of independent counsel with respect to not only waiving such privilege(s) or rights, but also with respect to the advisability of entering into this Agreement as well as any of its terms, conditions, waivers, covenants, representations and/or warranties, and each person so affected by any such waiver of any privilege hereby signifies his, her or its intent to be bound as well as the fact that such Party has been independently advised and represented throughout the negotiations leading up to this Agreement, the drafting of the Agreement, and the decision by such Party to enter into it and to be bound by its terms and provisions.

7. **Severability.** Each section, paragraph, term and provision of this Agreement, and any portion thereof, shall be considered severable if, for any reason, any such provision of this Agreement is held to be invalid, contrary to, or in conflict with any applicable present or future law or regulation in a final, unappealable ruling issued by any court, agency or tribunal with competent jurisdiction in a proceeding to which Wang and/or Pao Pao is a party, that ruling shall not impair the operation of, or have any other

2

Wang _C L W_ Pao Pao _C L W_ Shaan Honq _____

effect upon, such other portions of this Agreement as may remain otherwise enforceable, which shall continue to be given full force and effect and bind the Parties hereto, although any portion held to be invalid shall be deemed not to be a part of this Agreement from the date the time for appeal expires, if Wang and/or Pao Pao is a party thereto, otherwise upon Wang and/or Pao Pao's receipt of a notice of non-enforcement thereof from Shaan Hong. Any invalidity shall not affect any other provisions or applications of this Agreement which can be given effect without the invalid provisions or applications; and to this end the provisions of this Agreement are declared to be severable.

8. **Entire Agreement; Successors.** This Agreement contains the full, complete, and entire agreement of the Parties relating to the subject matter hereof. This Agreement shall be binding upon and inure to the benefit of the heirs, executors, successors, and assigns of the respective parties hereto. The recitals of this Agreement shall be incorporated.

9. **Governing Law; Attorney Fees, Costs.** This Agreement is entered into in the county of Los Angeles and State of California. Any dispute arising out of this Agreement shall be resolved by competent courts or tribunal of Los Angeles County, California. In the event a lawsuit is filed as a result of a dispute arising out of this Agreement, it is agreed that the prevailing party is entitled to attorneys' fees from the other Party.

10. **Counterparts.** This Agreement may be executed in any number of identical counterparts, each of which for all purposes is to be deemed to be an original, but all of which together will constitute but one instrument. This Agreement will only be complete and binding when all parties have executed the Agreement. Facsimile signatures are permissible and shall be considered binding.

11. **Authority.** All Parties represent and warrant to each other that they have the right and lawful authority to enter into this Agreement for the purposes herein and that there are no other outstanding agreements or obligations inconsistent with the terms and provisions hereof.

12. **Full Knowledge and Disclosure.** The Parties to this Agreement represent that in executing this Agreement (including all documents executed in connection therewith or pursuant to the terms hereof), they have done so freely, knowingly and voluntarily. The Parties represent that they have each been represented by an attorney or attorneys of their choice in connection with the preparation, negotiation and review of this Agreement, and that they have discussed with their respective attorney(s) the meaning and effect thereof, that they have carefully read and understand the scope and effect of each provision contained in any such agreement, document and instrument executed herewith, and that this Agreement and the instruments and documents which are a part thereof and executed concurrently herewith fully and accurately reflect their intentions. The Parties further represent that they do not, and have not, relied upon any representation or statement made by any other party hereto, nor upon any other Parties' counsel (except their own) with regard to the subject matter, basis or effect of the entirety of this Agreement. The Parties acknowledge that they have not executed this Agreement in reliance on any statement, promise, representation or warranty which is not expressly contained in writing herein. All prior negotiations, agreements, promises, warranties and/or representations are hereby merged herein, and this Agreement, even if contained in multiple writings or counterparts, shall be deemed to constitute but a single Agreement between the parties. No other agreements, written, oral or implied, shall be deemed to exist nor to bind any of the Parties hereto, unless expressly set forth herein.

(signatures continued on next page)

3

Wang _C.L.W._ Pao Pao _C.L.W._ Shaan Hong _____

BY SIGNING BELOW, EACH PARTY STATES THAT HE/SHE/IT HAS CAREFULLY READ THIS SETTLEMENT AGREEMENT, THAT IT HAS BEEN FULLY EXPLAINED TO HIM/HER/IT BY HIS/HER/IT'S ATTORNEY AND THAT HE/SHE/IT FULLY UNDERSTANDS ITS FINAL AND BINDING EFFECT, THAT THE ONLY PROMISES MADE TO INDUCE HIM/HER/IT TO SIGN THIS AGREEMENT ARE THOSE STATED ABOVE, AND THAT HE/SHE/IT IS SIGNING THIS AGREEMENT VOLUNTARILY AND WITH THE FULL INTENT OF EFFECTING THE RELEASE FROM THE CLAIMS REFERENCED HEREIN.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the latest date set forth below (hereinafter "Effective Date").

**Shaan Honq Int'l Cosmetics Corp.**

By: _____
Name: _____
Title: _____

**Pao Pao Enterprise, Inc.**

By: _Ching-Ling Wang_ (signature)
Name: _Ching-Ling Wang_
Title: _C.E.O._

**Ching Ling Wang**

By: _Ching-Ling Wang_ (signature)
Name: _Ching-Ling Wang_

4

Wang _C.L.W._ Pao Pao _C.L.W._ Shaan Honq _____

03/04/2002 22:05 19099935716 ESCUCHEN PAGE 04

## EXHIBIT A

1. Four Star — 401 W. Boden St. Milwaukee, WI 53207
2. True Beauty — 1741 Loretta Ave. Feasterville, PA 19053
3. Evolution — 5858 St. Augustine Rd. Jacksonville FL. 32207
4. Eiss — 7300 Peppermill Pkwy N. Charleston, SC. 29418

Wang _C.L.W._  Pao Pao _C.L.W._  Shaan Hong _____

# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (hereinafter "Agreement") is made on this __9th__ day of __September__ _____, 2009 ("Effective Date"), by and between Shaan Honq International Cosmetics Corp. ("Shaan Honq"), a Taiwan corporation with an address at 29 Fl, No. 55 Chung Cheng 3rd Rd, Hsinshing District Kaohsiung 800 Taiwan, R.O.C. on the one hand, and Ching Ling Wang, an individual ("Wang") and Pao Pao Enterprise Inc., a California corporation with an address at 15308 El Prado Road, Chino, CA 91710, ("Pao Pao") on the other hand. Hereinafter, Shaan Honq, Wang and Pao Pao may also be individually referred to as "Party" and collectively referred to as "Parties".

## RECITALS

WHEREAS, Shaan Honq is in the business of manufacturing, selling and distributing hair care related products ("SH Products");

WHEREAS, Shaan Honq uses distinctive packaging and color designs on or in connection with its SH Products that are registered U.S. Trademarks;

WHEREAS, Shaan Honq alleges that Wang and Pao Pao has sold or offered for sale products that simulate the appearance of SH Products and its associated trademarks ("Infringing SH Products");

WHEREAS, Shaan Honq filed on June 3, 2009 a lawsuit against Wang. Pao Pao and others in the United States District Court, Central District of California, captioned as *Shaan Honq International Cosmetics Corporation v. Ching Ling Wang and Pao Pao Enterprise, Inc. et al.*, Case No. ED CV 09-01054 VAP (OPx) alleging trademark infringement, false designation of origin, unfair competition, fraud and intentional deceit, breach of contract and related state claims ("the Action");

WHEREAS, the Parties have examined all facts relating to the Action and, now agree to resolve the Action upon the following terms of settlement.

NOW, THEREFORE, in consideration of the foregoing recitals and mutual promises and covenants herein contained, the Parties agree as follows:

## TERMS AND CONDITIONS

1. <u>Settlement Terms</u>. Wang and Pao Pao agree to not manufacture, import, distribute or ship, advertise or offer for sale Infringing SH Products or other variations thereof which infringe the SH Products or any of Shaan Honq's registered U.S. trademarks worldwide. Wang and Pao Pao further represent and warrant as follows:
   (a) Wang and Pao Pao represent and warrant that they have sold or shipped approximately USD$ _____ value of Infringing SH Products. Wang and Pao Pao have not received any orders for the Infringing SH Products which have not been fulfilled; and
   (b) Wang and Pao Pao represent and warrant that the customers to whom they have sold the Infringing SH Products and any SH Products are shown in *Exhibit A*, attached and made apart hereof; and
   (c) Wang and Pao Pao represent and warrant that they will shipped and returned all remaining inventory of the Infringing SH Products and any remaining SH Products to Shaan Honq within fifteen (15) days from the Effective Date of this Agreement and that Wang and Pao Pao have no other inventory or advertising materials for the Infringing SH Products and SH Products;
   (d) Wang and Pao Pao represent and warrant that they shall be responsible and assume any and all costs associated with the retrieval and disposal of the Infringing SH Products and/or SH Products; and

1

Wang _____  Pao Pao _____  Shaan Honq _____

(e) Wang and Pao Pao represent and warrant that they shall modify the packaging of their hair care related products within three (3) months from the Effective Date of this Agreement, subject to Shaan Honq's approval, so as not to simulate the appearance of SH Products and Shaan Honq's registered U.S. Trademarks.

(f) Wang and Pao Pao further represent and warrant that they owe an outstanding balance to Shaan Honq in the amount of USD$969,499.54 plus interest at the maximum rate permitted by law ("Debt") and agree to establish a payment plan to commence on January 1, 2010 to pay Shaan Honq.

2. <u>Consent Judgment and Permanent Injunction</u>.  Concurrently with the execution of this Agreement, the Parties will execute the Consent Judgment and Permanent Injunction attached hereto and made apart hereof.  Within five (5) business days of execution of this Agreement, Shaan Honq will file the Consent Judgment and Permanent Injunction with the United States District Court for the Central District of California, with each side bearing its own fees and costs.

3. <u>Liquidated Damages</u>.  Wang and Pao Pao agree and acknowledge that any breach of this Agreement shall cause the Shaan Honq irreparable injury and as a result, each Wang and Pao Pao understand that should either breach this Agreement by continuing the sell and/or offer for sale the Infringing SH Products and/or any SH Products, Wang and Pao Pao will owe Shaan Honq in liquidated damages the amount of $500,000.00 for each customer Wang and Pao Pao sold to.

## **GENERAL PROVISIONS**

4. <u>Reasonable Cooperation</u>.  Each Party hereto shall execute and deliver any and all documents and perform any and all acts and things necessary, appropriate, convenient, or helpful to effectuate or further evidence the terms of this Agreement.

5. <u>Headings</u>.  The section headings are intended for convenience only and shall not be deemed to supersede or modify any provisions of this Agreement.

6. <u>Independent Advice and Counsel.</u>  Each Party hereto executes this Agreement acting upon his, her, or its independent judgment and upon the advice of his, her, or its counsel, without any representation, express, or implied, or any nature, from each to the other, except as only specifically set forth herein.  This Agreement and each of its provisions have been jointly drafted by the Parties; neither Party shall be deemed to have been the drafting Party.  Each Party hereto hereby acknowledges, represents and warrants that he/she/it has, in connection with the negotiation, review and execution of this Agreement, been represented and advised by qualified and competent legal counsel.  To the extent there is any waiver of any privilege being effected or implemented by any of the provisions of this Agreement, the Party affected by such waiver hereby acknowledges that he, she or it has sought and obtained the advice of independent counsel with respect to not only waiving such privilege(s) or rights, but also with respect to the advisability of entering into this Agreement as well as any of its terms, conditions, waivers, covenants, representations and/or warranties, and each person so affected by any such waiver of any privilege hereby signifies his, her or its intent to be bound as well as the fact that such Party has been independently advised and represented throughout the negotiations leading up to this Agreement, the drafting of the Agreement, and the decision by such Party to enter into it and to be bound by its terms and provisions.

7. <u>Severability</u>. Each section, paragraph, term and provision of this Agreement, and any portion thereof, shall be considered severable if, for any reason, any such provision of this Agreement is held to be invalid, contrary to, or in conflict with any applicable present or future law or regulation in a final, unappealable ruling issued by any court, agency or tribunal with competent jurisdiction in a proceeding to which Wang and/or Pao Pao is a party, that ruling shall not impair the operation of, or have any other

2

Wang _____   Pao Pao _____   Shaan Honq _[signature]_

effect upon, such other portions of this Agreement as may remain otherwise enforceable, which shall continue to be given full force and effect and bind the Parties hereto, although any portion held to be invalid shall be deemed not to be a part of this Agreement from the date the time for appeal expires, if Wang and/or Pao Pao is a party thereto, otherwise upon Wang and/or Pao Pao's receipt of a notice of non-enforcement thereof from Shaan Honq. Any invalidity shall not affect any other provisions or applications of this Agreement which can be given effect without the invalid provisions or applications; and to this end the provisions of this Agreement are declared to be severable.

8. <u>Entire Agreement; Successors</u>. This Agreement contains the full, complete, and entire agreement of the Parties relating to the subject matter hereof. This Agreement shall be binding upon and inure to the benefit of the heirs, executors, successors, and assigns of the respective parties hereto. The recitals of this Agreement shall be incorporated.

9. <u>Governing Law; Attorney Fees, Costs</u>. This Agreement is entered into in the county of Los Angeles and State of California. Any dispute arising out of this Agreement shall be resolved by competent courts or tribunal of Los Angeles County, California. In the event a lawsuit is filed as a result of a dispute arising out of this Agreement, it is agreed that the prevailing party is entitled to attorneys' fees from the other Party.

10. <u>Counterparts</u>. This Agreement may be executed in any number of identical counterparts, each of which for all purposes is to be deemed to be an original, but all of which together will constitute but one instrument. This Agreement will only be complete and binding when all parties have executed the Agreement. Facsimile signatures are permissible and shall be considered binding.

11. <u>Authority.</u> All Parties represent and warrant to each other that they have the right and lawful authority to enter into this Agreement for the purposes herein and that there are no other outstanding agreements or obligations inconsistent with the terms and provisions hereof.

12. <u>Full Knowledge and Disclosure.</u> The Parties to this Agreement represent that in executing this Agreement (including all documents executed in connection therewith or pursuant to the terms hereof), they have done so freely, knowingly and voluntarily. The Parties represent that they have each been represented by an attorney or attorneys of their choice in connection with the preparation, negotiation and review of this Agreement, and that they have discussed with their respective attorney(s) the meaning and effect thereof, that they have carefully read and understand the scope and effect of each provision contained in any such agreement, document and instrument executed herewith, and that this Agreement and the instruments and documents which are a part thereof and executed concurrently herewith fully and accurately reflect their intentions. The Parties further represent that they do not, and have not, relied upon any representation or statement made by any other party hereto, nor upon any other Parties' counsel (except their own) with regard to the subject matter, basis or effect of the entirety of this Agreement. The Parties acknowledge that they have not executed this Agreement in reliance on any statement, promise, representation or warranty which is not expressly contained in writing herein. All prior negotiations, agreements, promises, warranties and/or representations are hereby merged herein, and this Agreement, even if contained in multiple writings or counterparts, shall be deemed to constitute but a single Agreement between the parties. No other agreements, written, oral or implied, shall be deemed to exist nor to bind any of the Parties hereto, unless expressly set forth herein.

(signatures continued on next page)

3

Wang _____   Pao Pao _____   Shaan Honq _____

BY SIGNING BELOW, EACH PARTY STATES THAT HE/SHE/IT HAS CAREFULLY READ THIS SETTLEMENT AGREEMENT, THAT IT HAS BEEN FULLY EXPLAINED TO HIM/HER/IT BY HIS/HER/IT'S ATTORNEY AND THAT HE/SHE/IT FULLY UNDERSTANDS ITS FINAL AND BINDING EFFECT, THAT THE ONLY PROMISES MADE TO INDUCE HIM/HER/IT TO SIGN THIS AGREEMENT ARE THOSE STATED ABOVE, AND THAT HE/SHE/IT IS SIGNING THIS AGREEMENT VOLUNTARILY AND WITH THE FULL INTENT OF EFFECTING THE RELEASE FROM THE CLAIMS REFERENCED HEREIN.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the latest date set forth below (hereinafter "Effective Date").

**Shaan Honq Int'l Cosmetics Corp.**

By: *Chiu-yoh Tsai*
Name: CHIU-YUEH TSAI
Title: G.M.

**Pao Pao Enterprise, Inc.**

By: _____
Name: _____
Title: _____

**Ching Ling Wang**

By: _____
Name: _____

4

Wang _____ Pao Pao _____ Shaan Honq _*CYT*_

## **EXHIBIT A**

1. Four Star
2. True Beauty
3.

5

Wang _____ Pao Pao _____ Shaan Honq _Ch̄__